**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| ANTON ANDREYEVICH IAGOUNOV, | ) | |
| *also known as Ninjavelli,* | ) | |
| | ) | |
| Petitioner, | ) | No. 3:26-cv-00314 |
| | ) | |
| v. | ) | |
| | ) | |
| WARDEN JOHN MATTOS, *et al.,* | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM OPINION AND ORDER

Anton Andreyevich Iagounov, a federal pre-trial detainee currently in the custody of the Nevada Southern Detention Center in Pahrump, Nevada, has filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. (Doc. No. 1). He paid the filing fee. (Doc. No. 1-2).

The petition names multiple Respondents, including the United States Marshals Service, a federal agency within the United States Department of Justice. See 28 U.S.C. § 561(a). The United States Attorney's Office represents federal agencies, including the United States Marshals Service, in civil litigation on behalf of the Department of Justice. See 28 U.S.C. §§ 516 and 547. The United States, on behalf of the United States Marshals Service, has responded to Petitioner's petition, as directed by the Court, by filing a Motion to Dismiss, or in the Alternative, to Transfer. (Doc. No. 6). The Motion is ripe for review.

## I. STANDARD FOR PETITIONS UNDER 28 U.S.C. § 2241

A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts. The Rules Governing 2254 Cases ("Habeas Rules") apply to habeas

1

petitions under 28 U.S.C. § 2241. See Williams v. Holloway, No. 2:14-cv-02652-STA-tmp, 2016 WL 1058017, at *4 n.2 (W.D. Tenn. Mar. 14. 2016).

## II. REVIEW OF SECTION 2241 PETITION

A. Procedural History and Factual Background

Petitioner received a sentence in the Eastern District of California on February 6, 2025, of two years and three months' imprisonment for impersonating a federal officer. In that case, Petitioner attempted to acquire protected information using false court documents.

On May 8, 2025, Petitioner was indicted in the United States District Court for the District of Nevada on fifteen counts related to false information and hoax offenses. See United States of America v. Anton Andreyevich Iagounov, Case 3:25-cr-00017-ART-CSD. Petitioner acknowledges that he is currently a federal pretrial detainee in that case and is confined in the Nevada Southern Detention Center, a CoreCivic detention facility, located in Pahrump, Nevada. (Doc. No. 1 at 1). The Warden of that facility, John Mattos, is also named as a Respondent in the instant petition.

On July 17, 2025, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the District of Nevada (Case No. 3:25-cv-00365-ART-CSD). That petition was dismissed by that Court on July 23, 2025, because the "proper vehicle for Iagounov's claims [is] through a motion or petition in his criminal case." (Id., Doc. No. 3; see also Doc. No. 10). Petitioner has continued to pursue similar claims in his criminal case, including motions to dismiss and motions to disqualify, all of which have been denied. His jury trial is currently scheduled in the District of Nevada for August 18, 2026. (See Case No. 3:25-cr-00017- ART-CSD-1 (Doc. No. 45)).

On March 17, 2026, Petitioner filed the instant petition under 28 U.S.C. § 2241 in this Court challenging the legality of his detention. According to Petitioner, he filed his petition in this Court because his "immediate custodian"—Respondent CoreCivic—is "located and headquartered" in this district. (Doc. No. 1 at 4, 7). Petitioner claims that "'Core Civic' personnel do not have any statutory authority . . . in supervising or maintaining custody of federal prisoners . . . .", and that "it is illegal for anyone other than the USMS [United States Marshals Service] to have custody over a federal prisoner . . . ." (Id. at 4).

On April 29, 2026, Petitioner filed another habeas petition in the United States District Court for the District of Nevada, again naming the United States Marshals Service as a respondent. (See Case No. 2:26-cv-01313). The petition was denied by Order entered on May 1, 2026, and judgment was entered in favor of the respondents. (See id., Doc. No. 4).

B. Analysis

The Supreme Court has made clear that for challenges to present physical confinement, the proper respondent is the petitioner's immediate custodian, and jurisdiction lies only in the district of confinement. Rumsfeld v. Padilla, 542 U.S. 426, 434-35, 442-444 (2004) (the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official) (requiring a Section 2241 petitioner to "file the petition in the district of confinement"); Ozturk v. Hyde, 136 F.4th 382, 390 (6th Cir. 2025) (same).

Here, Petitioner is confined in Nevada, and his immediate custodian, Warden Mattos, is located in Nevada. Accordingly, the United States District Court for the District of Nevada is the only court with jurisdiction over Petitioner's present custodian.

3

Because this Court lacks jurisdiction, the Court must determine whether the appropriate course of action is to dismiss the petition without prejudice or transfer it to the correct federal court. 28 U.S.C. § 1631. Under Section 1631, if a federal court finds there is a "want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action" to the correct court rather than dismissing it. Id.

Here, Petitioner is presently confined in Nevada, his custodian is there, and his underlying criminal proceedings are pending there. To this Court's knowledge, he has no current federal habeas proceedings pending in Nevada. The Court finds that transfer is the appropriate option under the circumstances.

### III. CONCLUSION

For the reasons set forth above, Respondent's Motion to Dismiss, or in the Alternative, to Transfer (Doc. No. 6) is **GRANTED** insofar as the Clerk is **DIRECTED** to transfer the petition (Doc. No. 1) filed by Petitioner under Section 2241 to the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1631.

All future filings in this case shall be made in that court.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE

4